IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIONE FINEFEUIAKI, #A1065183, | ) | CIV. NO. 18-00249 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT IN PART |
| vs. | ) | AND DIRECTING SERVICE |
| | ) | |
| MAUI CMTY. CORR. CTR. STAFF | ) | |
| AND AFFILIATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is pro se Plaintiff Sione Finefeuiaki's First Amended Complaint (FAC) and two Notices that identify Defendants and state that Finefeuiaki will stand on Counts I-III, and VII in the original Complaint. *See* FAC, ECF No. 7; Notices, ECF Nos. 8, 9. Finefeuiaki, a Maui Community Correctional Center (MCCC) pretrial detainee, claims that MCCC staff denied him safe custody, housing, religious materials, mail, and medical care.

The FAC fails to state a claim in Counts IV, V, VI, and VII (in part), and those claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b). The FAC states colorable claims against Adult Corrections Officers (ACO) Zane, Gouvea, Conrady, Use; Sergeants Hedge and Shores; and Captains Kawaa and Labason (Defendants) in Counts I-III and VII (in part), for failure-to-protect and excessive use of force. These claims shall be served and require a response.

# I. **STATUTORY SCREENING**

The court must screen the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and dismiss the FAC or any claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The "mere possibility of misconduct" falls short of meeting this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130.

## II. **BACKGROUND**

On June 25, 2018, Finefeuiaki filed the original Complaint, complaining of incidents at MCCC between March 29 and April 12, 2018. Finefeuiaki alleged that unnamed ACOs: (1) failed to protect him from an assault by three other inmates (Count I); (2) returned him to the same housing module after the assault, despite his spoken fears, where he was assaulted again by a "close custody inmate"

(Counts II and III); (3) rehoused him in an allegedly overcrowded "safe watch" cell, where his mattress, personal items, and mail delivery was withheld for twelve hours a day, and bible and religious handbook were apparently lost for five days (Counts IV-VI); and (4) dragged him by his ankles and wrists to and from his cell during an inspection and left him on the floor, despite their knowledge of Finefeuiaki's serious back injury, recent assaults, and ongoing pain. *See* Compl., ECF. No. 1, PageID #6-12.

On July 18, 2018, Finefeuiaki's in forma pauperis application was granted. Order, ECF No. 5.

On July 25, 2018, the court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and dismissed all claims against Defendants named in their official capacities with prejudice, and Counts IV-VI, and VII in part, with leave to amend. *See* July 25, 2018 Order, ECF No. 6. The July 25, 2018 Order carefully explained that any amended pleading would supersede, that is, replace the original Complaint. *See id.*, PageID #48. As an alternative, Finefeuiaki was told that he could notify the court that he would stand on his identified colorable claims

in Counts I-III and VII (in part) and the Complaint would be served as limited when he identified the unnamed ACOs.[1]  *Id.*, PageID #49.

On September 10, 2018, Finefeuiaki filed the two Notices and the FAC. ECF Nos. 7-8-9.  The Notices state that Finefeuiaki elects to stand on his claims in Counts I-III and VII in the original Complaint, and identify the MCCC staff allegedly liable for these claims.  The FAC also identifies the unnamed MCCC staff and realleges *all* of Finefeuiaki's claims, including dismissed Counts IV-VI and VII (in part), in apparent disregard of the court's clear discussion of their deficiencies.

### III.  DISCUSSION[2]

The court accepts the FAC as Finefeuiaki's final decision regarding his claims and disregards his contemporaneous Notices.  The July 25, 2018 Order carefully set forth the facts and relevant legal standards that apply to Finefeuiaki's unchanged claims, and the court will not repeat that discussion.

---

[1] Finefeuiaki was told that electing to stand on Counts I-III & VII would not preclude later correcting the claims dismissed without prejudice and moving to amend under Fed. R. Civ. P. 15.

[2] The FAC's facts are accepted as true and construed in the light most favorable to Plaintiff at this stage.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

### A. Counts I-III: Failure-to-Protect

For the reasons set forth in the July 25, 2018 Order, Counts I-III of the FAC state colorable failure-to-protect claims against Defendants ACO Zane, ACO Gouvea, ACO Conrady, Captain Kawaa, Captain Labason, and Sergeant Shores for incidents that allegedly occurred on March 29 and 30, 2018. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68, 1071 & n.4 (9th Cir. 2016) (*en banc*), *cert. denied*, 137 S. Ct. 831 (2017) (discussing the elements of a pre-trial detainee's failure-to-protect claim). Counts I-III shall be served and Defendants Zane, Gouvea, Conrady, Kawaa, Labason, and Shores are required to respond.

### B. Counts IV and VI: Conditions of Confinement

For the reasons set forth in the July 25, 2018 Order, the FAC, Counts IV and VI, alleging that Finefeuiaki's "safe house" cell was overcrowded and cold, and his personal items and mail delivery were withheld for 12 hours daily during the five days that he remained in the cell, fail to state a claim and are DISMISSED.

### C. Count V: First Amendment

Finefeuiaki alleges that his religious books were taken "for 5 day[s]" while he was in the safe cell. FAC, ECF No. 7, PageID #54. For the reasons set forth in the July 25, 2018 Order, Count V of the FAC fails to allege sufficient facts to show that a substantial burden was placed on Finefeuiaki's practice of religion. Count V

fails to state a colorable claim under the Free Exercise Clause of the First Amendment and is DISMISSED. *See Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998).

D.     **Count VII:  Excessive Force and/or Denial of Medical Care**

For the reasons set forth in the July 25, 2018 Order, Count VII of the FAC states a colorable excessive force claim for incidents that allegedly occurred on or about April 12, 2018, against ACO Gouvea, ACO Use, and Sergeant Hedge. Count VII shall be served and requires a response.

To the extent that Finefeuiaki alleges Nurse John denied him medical care when he allegedly denied Finefeuiaki a walker until he was able to stand and use the walker, the FAC fails to allege sufficient facts to state a claim. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1120, 1124 (9th Cir. April 30, 2018) (holding that an objective indifference standard applies to denial of medical care claims and generally to all governmental actions taken against a pretrial detainee).  Count VII, as alleged against Nurse John for the denial of medical care, is DISMISSED.

## IV.  CONCLUSION

Claims in Counts I-III alleging a failure to protect Finefeuiaki from assaults from other inmates on or about March 29 and 30, 2018, state a claim against Defendants ACO Zane, ACO Gouvea, ACO Conrady, Captain Kawaa, Captain

Labason, and Sergeant Shores and are suitable for service. Claims in Count VII alleging the use or approval of excessive force against Finefeuiaki on or about April 12, 2018, state a claim against ACO Gouvea, ACO Use, and Sergeant Hedge and are suitable for service. These Defendants are required to respond after service is perfected. *See* 42 U.S.C. § 1997e(g)(2).

Claims in Counts IV-VI, and VII (in part) fail to state a colorable claim for relief and are DISMISSED without prejudice.

## V. **SERVICE ORDER**

IT IS HEREBY ORDERED:

(1) The Clerk shall send the United States Marshals Service a copy of the present Order Dismissing First Amended Complaint in Part and Directing Service, a copy of the endorsed First Amended Complaint, ECF No. 7, and completed summonses for Defendants ACOs Zane, Gouvea, Conrady, and Use; Captains Kawaa and Labason; and Sergeants Shores and Hedge. The United States Marshals Service shall open a file and retain these documents for use in the event that any Defendant declines to waive service of the summons and personal service is required.

(2) Per agreement with the Hawaii Department of Public Safety ("DPS"), the Clerk shall provide by electronic means to **DPS liaison Shelley Harrington**

and **Laurie Nadamoto**: (a) a copy of the First Amended Complaint, a copy of the present Order Dismissing First Amended Complaint in Part and Directing Service, and a COMPLETED NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS form AO 398 addressed to Defendants ACOs Zane, Gouvea, Conrady, and Use; Captains Kawaa and Labason; and Sergeants Shores and Hedge; and (b) a COMPLETED WAIVER OF SERVICE OF SUMMONS form AO 399 for Defendants ACOs Zane, Gouvea, Conrady, and Use; Captains Kawaa and Labason; and Sergeants Shores and Hedge.

(3) Defendants ACOs Zane, Gouvea, Conrady, and Use; Captains Kawaa and Labason; and Sergeants Shores and Hedge shall have **30 days** after the request for waiver of service of summons is sent to **return the waiver to the United States Marshals Service, who shall file the waivers with the court**. Fed. R. Civ. P. 4(d)(1)(F). If Defendants fail to do so within that time, the United States Marshals Service shall NOTIFY THE COURT and will then be directed to effect personal service pursuant to Fed. R. Civ. P. 4(e) and/or 4(j)(2). In the absence of good cause, a Defendant who fails to return the Waiver of Service of Summons will be required to pay the expenses of personal service. *See* Fed. R. Civ. P. 4(d)(2).

(4) Defendants ACOs Zane, Gouvea, Conrady, and Use; Captains Kawaa and Labason; and Sergeants Shores and Hedge shall file an answer or otherwise respond to Finefeuiaki's First Amended Complaint, as limited by this Order, **within 60** days after electronic service if formal service is waived, or **within 45 days** if formal service of the summons is not waived. Failure to respond may result in entry of a default judgment.

(5) Finefeuiaki shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6) After the Complaint is served and Defendants have filed a response, Finefeuiaki's documents are deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system. The United States Marshals Service is not responsible for

serving documents after service of the operative pleading, unless otherwise directed to do so by the court.

IT IS SO ORDERED.

DATED: September 25, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Sione Finefeuiaki v. MCCC Staff & Affiliates, et al.*; Civil No. 18-00249 DKW-KJM; ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING SERVICE

*Finefeuiaki v. MCCC Staffs and Affiliates*, 1:18-cv-00249 DKW-KJM; scrn '18 Finefeuiaki 18-249 dkw (FAC dsm Cts. 4-6, 7 in part, serve Cts 1-3, 7)